FILED
U.S. DISTRICT COURT
2009 JUL 13 P 2:21
DISTRICT OF UTAH
BY: DEPUTY CLERK

# In the United States District Court for the District of Utah, Central Division

| CHRISTOPHER J. HEYN, Plaintiff, vs. MICHAEL J. ASTRUE, Commissioner of Social Security, Defendant. | **MEMORANDUM DECISION and ORDER** Case No. 2:07-CV-00602-JTG |
|---|---|

This case is before the court on Plaintiff Christopher J. Heyn's request for review of the Defendant Commissioner of Social Security's decision to deny Mr. Heyn disability benefits. The Plaintiff filed a Memorandum in Support of Reversal or Remand of Commissioner's Administrative Decision, to which the Defendant responded with an Answer Brief, and the Plaintiff in turn filed a Reply Memorandum.

The Plaintiff raises the issues of whether the Administrative Law Judge ("ALJ") used the proper standard to find Mr. Heyn not to be disabled, whether the ALJ performed a proper Step Three and Residual Functioning Capacity ("RFC") determination, and whether the ALJ properly rejected opinions from Mr. Heyn's treating physician. After reviewing the entire Record, the Court finds that the ALJ erred in rejecting one of the treating physician's opinions. This case, therefore, is remanded to the Commissioner for further development of the Record.

## I. Procedural History

Christopher J. Heyn first applied for Period of Disability, Disability Insurance Benefits, and Supplemental Security Income benefits on August 24, 2004. On January 10, 2005, the Plaintiff's application for benefits was initially denied (R. at 35-37) and on April 18, 2005 his application for reconsideration was denied. (R. at 31-33). On June 16, 2005, the Plaintiff requested a hearing by an ALJ (R. at 30), and the hearing was held on December 15, 2006 before the Honorable Donald R. Jensen in Salt Lake City, Utah. (R. at 276-335). Both the Plaintiff and a vocational expert ("VE"), John F. Hurst, testified at the hearing. On February 28, 2007, the ALJ issued his decision, finding that the Plaintiff was not disabled. (R. at 11-25). On April 17, 2007 the Plaintiff filed a Request for Review by the Appeals Council (R. at 9-10) with supporting argument (R. at 265-75), and on June 18, 2007, the Appeals Council denied the request (R. at 5-8) making the ALJ's decision the final decision by the Commissioner. On August 15, 2007, the Plaintiff filed a civil action in this Court under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking review of the ALJ's decision.

## II. Factual Background

Mr. Heyn first applied for benefits when he was 30 years old alleging that his impairments were severe anxiety and depression. (R. at 58). He is now 35 years old, is a high school graduate, and has two years of college. He has a history working as a room service waiter, private club waiter, construction worker, table setter, and most recently as a part-time skycap until September 2001. Mr. Heyn alleged the onset date of disability as November 1, 2001 and has not performed any significant work since then. He currently lives alone and is supported financially by his parents.

## III. THE FIVE-STEP EVALUATION PROCESS AND THE ALJ'S DECISION

In the context of Social Security benefits, "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505. The Commissioner has devised a five-step evaluation to determine if a claimant is disabled. 20 C.F.R. § 404.1520(a); *see Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). If the Commissioner finds at any step that the claimant is either disabled or not disabled, the evaluation does not continue to the next step. The burden of proof rests on the claimant to establish steps one through four, but if the evaluation reaches the fifth step, the burden shifts to the Commissioner.

Step One determines whether the claimant is participating in Substantial Gainful Activity ("SGA"). 20 C.F.R. § 404.1520(b). The ALJ found that the Plaintiff had not engaged in SGA since the alleged onset date of November 1, 2001. (R. at 16).

Step Two determines if the claimant has an impairment or combination of impairments that is both medically determinable and severe. 20 C.F.R. § 404.1520(c). The ALJ, citing the Plaintiff's medical record, found that he suffered from the following severe, medically determinable impairments: depression, anxiety and a panic disorder without agoraphobia. (R. at 16-17).

Step Three determines if the claimant's impairment or collection of impairments matches or is the medical equivalent to an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 ("Listings"). 20 C.F.R. § 404.1520(d). If the adjudicator finds that the claimant's impairments equate to a Listing then the claimant is disabled and the analysis ends. The ALJ, however, found

that the Plaintiff's impairments did not match or medically equate to any of the Listings. (R. at 17). The ALJ noted that the Plaintiff's impairments implicated Listings 12.04 (affective disorders), 12.06 (anxiety-related disorders) and 12.08 (personality disorders). To equate his impairments with one of these, Mr. Heyn was required to establish *marked* restrictions in at least two of the following "paragraph B" areas: (1) activities of daily living; (2) social functioning; (3) the ability to maintain concentration, persistence, or pace; (4) or repeated episodes of decompensation, each of extended duration. The ALJ found that the Plaintiff was not markedly limited in any of the four areas. (R. at 17). The ALJ's "paragraph B" findings were identical to the findings of Dr. Patrick J. Miller, the Plaintiffs treating psychologist, in the same areas. (R. at 255). Mr. Heyn's impairments also could have met the 12.04 Listing by establishing a "paragraph C" criteria: that he had a history of being unable to function outside a highly structured living arrangement for a year or more and had a need to continue in such an arrangement. Dr. Miller opined that Mr. Heyn met this "paragraph C" criteria (R. at 256), but the ALJ rejected his opinion (R. at 22), an issue which is discussed below.

If the claimant's impairment does not meet one of the Listings, as in this case, the adjudicator must determine the claimant's Residual Functioning Capacity ("RFC") before proceeding to Steps Four and Five of the disability evaluation process. 20 C.F.R. § 404.1520(e). A claimant's RFC is what a claimant can still do in a work setting in spite of his or her limitations, and it is determined using all of the evidence in the claimant's record, not just the opinions from medical sources. 20 C.F.R. § 404.1545(a). The ALJ found that the Plaintiff had the RFC to "perform the full range of all exertional, unskilled work with no significant limitations in his ability to understand, carry out and remember instructions," but was limited to

"making only simple, routine work-related decisions," interacting only occasionally with supervisors and co-workers, and "could perform no work requiring goal setting or plan making." (R. at 18).

Step Four determines if the claimant's RFC allows her to participate in her past relevant work. 20 C.F.R. § 404.1520(f). Past relevant work means work that was SGA, done by the claimant within 15 years of the onset date of disability, and for enough time that she could learn how to do the job. 20 C.F.R. § 404.1560(b). The ALJ relied on the opinion of the VE to find that the Plaintiff's RFC did not allow him to perform any of his past relevant work as a skycap, room service waiter, private club waiter, construction worker II or table setter. (R. at 23).

Step Five determines if the claimant can perform SGA other than his past relevant work. 20 C.F.R. § 404.1520(g). If so, the claimant is not disabled. At this step, the burden of proof shifts to the Commissioner to show a significant number of jobs available in the national economy to a person with the claimant's RFC, age, education and work experience. 20 C.F.R. 404.1512(g). At the Hearing, the ALJ presented the VE with a hypothetical person who had the same qualifications and RFC as the Plaintiff. The VE testified that a person with such limitations could be a medical assembler (plastics), small parts assembler, or laundry worker – all occupations which, at the time of the Hearing, existed in significant numbers in the national economy. (R. at 322-30). Relying on the VE's testimony, the ALJ found that Mr. Heyn was not disabled because he could potentially perform SGA even with his limitations, and was, therefore, not eligible for benefits. (R. at 24-25).

## IV. ISSUES

On appeal the Plaintiff presents four issues: (1) whether the ALJ used the correct legal standard to find that Mr. Heyn was not disabled; (2) whether the ALJ adequately explicated his rationale for determining Mr. Heyn's RFC; (3) whether the ALJ, in finding that Mr. Heyn's impairments did not equate to any Listings at Step Three, was required to acquire an updated medical report, and whether he properly explicated his reasoning; (4) and whether the ALJ satisfied statutorial requirements when he rejected three opinions from Mr. Heyn's treating physician.

## V. STANDARD OF REVIEW

The Court's review of the Commissioner's decision is limited to determining whether the "factual findings are supported by substantial evidence in the record viewed as a whole" and whether the Commissioner applied the correct legal standards to the facts of the case. *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court may consider the specific rules of law that the ALJ must follow in "'weighing particular types of evidence,' but [the Court] will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Joyce v. Barnhart*, 88 Fed. Appx. 320, 324 (10th Cir. 2004) (citations omitted).

## VI. ANALYSIS

*1) The ALJ used the correct legal standard to find that Mr. Heyn was not disabled*

In his Reply Memorandum, the Plaintiff based several arguments on an assertion

that the standard which determines if a claimant is disabled is whether the claimant "is able to sustain full-time work activity on a regular and continuing basis." (Pl.'s Reply Mem. 1). This standard exists in Social Security law, but the Plaintiff misapplies it here. The standard argued for by the Plaintiff is used to determine a claimant's RFC, not to ultimately determine if she is disabled. *See* Soc. Security Rulings ("SSR") 96-8p. When determining a claimant's RFC, adjudicators are generally required to determine the most a claimant can do in a full-time work setting. SSR 96-8p at 2 ("...8 hours a day, for 5 days a week, or an equivalent work schedule."). However, a claimant's RFC is only part of the five-step analysis. A claimant is ultimately disabled only if she is unable "to do any substantial gainful activity" 20 C.F.R. § 404.1505, and work can still be substantial "even if it is done on a part-time basis." 20 C.F.R. § 404.1572. Therefore, even if an adjudicator finds that a claimant does not have the RFC to perform full-time SGA, the claimant may not be disabled if she can still perform part-time SGA, as demonstrated by footnote 2 in SSR 96-8p:

> [The] ability to work 8 hours a day for 5 days a week is not always required when evaluating an individual's ability to do past relevant work...Part-time work that was substantial gainful activity...constitutes past relevant work, and an individual who retains the RFC to perform such work must be found not disabled.

The ALJ in this case did not determine whether Mr. Heyn would be able to work full or only part-time, but it should be noted that the last SGA Mr. Heyn performed before his alleged onset date of disability was on a part-time basis.

The remaining arguments presented by the Plaintiff in his Reply Memorandum are based on his mistaken application of the legal standard that determines disability and there is, therefore, no need to discuss them here.

*2) The ALJ properly determined Mr. Heyn's Residual Functioning Capacity*

In his Memorandum in Support of Reversal or Remand of Commissioner's Administrative Decision, the Plaintiff argues that "the ALJ's mental RFC assessment contains no narrative discussion linking it to any specific evidence." (Pl.'s Mem. in Supp. Rev. Rem. of Comm.'s Admin. Dec. 15). However, the Plaintiff criticizes the portion of the ALJ's opinion regarding whether Mr. Heyn's impairments equated to a Listing. The Plaintiff does not scrutinize the six pages of the ALJ's opinion devoted to determining Mr. Heyn's RFC. In those pages, the ALJ stated the relevant law, weighed Mr. Heyn's credibility, and compared the evidence from Mr. Heyn's testimony, the medical record and opinions from medical sources. (R. at 18-23). While attempting to compare the law regarding RFC determinations to the ALJ's RFC determination, the Plaintiff mistakenly compared the law regarding RFC determinations to the ALJ's determination of whether Mr. Heyn's impairments equated to a Listing. The Plaintiff, therefore, has not presented an argument against the ALJ's RFC determination. This Court, however, independently reviewed the ALJ's RFC determination and finds both that there is sufficient evidence in the Record to support the ALJ's decision and that the ALJ applied the proper legal standards in determining Mr. Heyn's RFC.

*3) The ALJ properly found that Mr. Heyn's impairments do not meet a Listing*

In the third step of the five-step disability analysis, the adjudicator must determine if the claimant's impairments medically equate to a Listing. 20 C.F.R. § 404.1520(d). The Social Security Hearings, Appeals and Litigation Law Manual (HALLEX) requires the adjudicator to consult the opinion of a medical expert while making this determination. HALLEX § I-2-5-34(B). If the opinion consulted by the adjudicator comes from a State Agency medical or

psychological consultant, the adjudicator may be required to obtain an updated opinion if, *in the opinion of the adjudicator*, additional evidence received into the Record after the State consultant issued his or her opinion could change the State consultant's findings. SSR 96-6p at 4.

The Plaintiff argues that the ALJ erred by failing to obtain an updated opinion from a medical source to support his finding that Mr. Heyn's impairments did not medically equate to a Listing. (Pl.'s Mem. 11-13). However, the Plaintiff assumes that the ALJ relied on the evaluation from the state Disability Determination Services (DDS) dated January 2005 (R. at 217-32). The ALJ, however, did not refer to the DDS evaluation when he found that Mr. Heyn's impairments did not equate to a Listing, and the ALJ's findings were, in fact, different from the DDS findings. (*Compare* R. at 222 *with* R. at 17). Instead, the ALJ's findings were nearly identical to those of Dr. Miller from his Medical Source Statement (MSS) dated October 2006 (R. at 251-58). Like Dr. Miller, the ALJ found that Mr. Heyn was not markedly limited in any of the "paragraph B" requirements for Listings 12.04, 12.06 or 12.08. (R. at 17 and 255). And though Dr. Miller opined that Mr. Heyn's impairments met a "paragraph C" requirement for Listing 12.04, the ALJ properly rejected that opinion as noted below. And even if the ALJ had relied on the DDS evaluation instead of Dr. Miller's MSS, the ALJ was not obligated to obtain an updated report unless *in his opinion* the DDS evaluation was outdated. The Plaintiff's argument that the ALJ violated SSR 96-6p and HALLEX § I-2-5-34(B) is, therefore, without merit.

The Plaintiff next argues that the ALJ committed error by not adequately explicating his reasoning for finding that Mr. Heyn's impairments did not equate to a Listing. (Pl.'s Mem. 13-14). The Plaintiff relies on *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir.

1996), in which the court held that the ALJ had committed error by simply stating, without explanation, that the claimant's impairments did not equate to a Listing, failing to even mention which Listing the impairments did not satisfy. In the current case, however, the ALJ clearly stated which Listings Mr. Heyn's impairments might meet, the requirements to meet the Listings, and why Mr. Heyn's impairments failed to meet the Listings. (R. at 17-18). The Plaintiff's argument that the ALJ failed to properly explicate his reasoning is also without merit.

*4) The ALJ improperly rejected an opinion of Mr. Heyn's treating psychologist*

In the context of Social Security disability benefits, there is a difference between a "medical opinion" from a medical source, and an opinion from a medical source on an "issue reserved to the Commissioner." Medical opinions "are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s). 20 C.F.R. § 404.1527(a)(2). The Treating Physician Rule (TPR) requires the ALJ to give a *medical opinion* from the claimant's treating physician controlling weight under certain circumstances.[1] Issues reserved to the Commissioner, on the other hand, "are not medical opinions." 20 C.F.R. § 404.1527(e). They include any issue that would be dispositive to the outcome of a claimant's case. *Id.* Most commonly, such issues are whether the claimant is disabled, whether the claimant's impairment(s) satisfy a Listing, the claimant's RFC, or how vocational factors apply to the claimant's impairment. *Id.* Unlike a medical opinion, the ALJ may "not give any special significance to the source of an opinion on

---

[1]The medical opinion is entitled to controlling weight if it is (1) well-supported by medically acceptable clinical and laboratory diagnostic techniques, and (2) if it is not inconsistent with the other substantial evidence in the case record. 20 C.F.R. § 404.1527(d)(2); *see also Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003).

issues reserved to the Commissioner." *Id.*

The distinction between a medical opinion and an opinion from a medical source on an issue reserved to the Commissioner is important because the guidelines governing how the adjudicator considers the two types of opinions are different. *See Lackey v. Barnhart*, 127 Fed. Appx. 455, 457 (10th Cir. 2005) (articulating the distinction between the two types of opinions). Medical opinions from the claimant's treating physician "are likely to be the [opinions] most able to provide a detailed, longitudinal picture of [the claimants] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone." 20 C.F.R. § 404.1527(d)(2). For this reason, the ALJ should generally give greater weight to medical opinions from treating sources. *Id.* And if the ALJ chooses not to give a medical opinion from a treating source controlling weight, she still must "[weigh the evidence] using all of the factors provided in 20 C.F.R. 404.1527,"[2] SSR 96-2p, and give "good reasons...for the weight [given the claimant's] treating source's opinion." 20 C.F.R. § 404.1527(d)(2). If the ALJ decides to reject the medical opinion altogether, she must provide specific, legitimate reasons for doing so. *Watkins*, 350 F.3d at 1301.

However, the guidelines that apply to medical opinions do not "strictly apply" to opinions on issues reserved to the Commissioner. *Lackey*, 127 Fed. Appx. at 457. As mentioned

---

[2]The factors from 20 C.F.R. § 404.1527(d) include "(1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion." *Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001) (quotation omitted).

above, opinions on such issues are never entitled to controlling weight. SSR 96-5p at 2. "However, opinions from any medical source on issues reserved to the Commissioner must never be ignored. The adjudicator is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability." *Id.* at 3. The ALJ still must "determine the extent to which the opinion is supported by the record," though he is required to apply only the applicable factors from 20 C.F.R. § 404.1527(d). *Id.*

In the case at bar, the ALJ considered three opinions from the claimant's treating psychologist, Dr. Miller. The first opinion was that Mr. Heyn had "a current history of one or more years with an inability to function outside of a highly supportive living arrangement." (R. at 22 and 256.) By itself, this determination would have equated Mr. Heyn's limitations with Listing 12.04. The opinion, therefore, is of an issue dispositive to the outcome of Mr. Heyn's case, and thus an issue reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(e). Consequently, the opinion was not entitled to controlling weight. The ALJ was required, however, to consider the opinion in the context of the rest of the evidence and apply the applicable factors from 20 C.F.R. § 404.1527(d). The ALJ did so. In rejecting the opinion, he explained that the opinion was not consistent with evidence from the Hearing which showed that Mr. Heyn actually lived by himself, cooked his own meals, maintained his own hygiene and thus did not live in a highly supportive living arrangement. (R. at 22). The ALJ applied the proper legal standards to the evaluation of the first opinion, and there is substantial evidence in the record to support his decision.

The second opinion the ALJ considered from the Plaintiff's treating psychologist was that Mr. Heyn was markedly limited in his ability to maintain a schedule, attendance and

punctuality. (R. at 23 and 257). This opinion was a medical opinion. The ALJ rejected this opinion entirely, so he was required to give specific, legitimate reasons for doing so. *Watkins*, 350 F.3d at 1301. The ALJ satisfied the *Watkins* requirement. The ALJ noted that during part of the period when Mr. Heyn was to be experiencing marked difficulty in maintaining a schedule he was regularly attending alcohol education classes (R. at 19) and "performing several hundred hours of community service." (R. at 21). The Court notes that Mr. Heyn performed community service three days a week for about five hours at a time, and that during part of that time he was supervising service groups and was in charge of "special projects." (R. at 246). The ALJ concluded that there was "nothing to show" that Mr. Heyn was *markedly* limited in his ability to maintain a schedule. (R. at 23). The ALJ did not find that Mr. Heyn was not limited at all, only that Mr. Heyn was not markedly limited. This Court reviews the ALJ's decision only to ensure that sufficient evidence supports it, not to "substitute [its] judgment for the Commissioner's." *Joyce*, 88 Fed. Appx. at 324. The Court finds there is sufficient evidence to support the ALJ's rejection of Dr. Miller's opinion that Mr. Heyn was markedly limited. And though the ALJ did not expressly consider each of the six factors from 20 C.F.R. § 1527(d), his reasoning was "sufficiently specific to make clear to [this Court] the weight [he] gave to the treating source's medical opinion and the reasons for that weight." *Watkins*, 350 F.3d at 1300; *see also Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (finding there is no law requiring the adjudicator to expressly consider each of the six factors in deciding the weight to give to each medical opinion). The ALJ thus committed no error in his evaluation of the second opinion.

The third opinion the ALJ considered from the Plaintiff's treating psychologist was that the Plaintiff was unable to maintain employment. (R. at 23). Dr. Miller submitted this

opinion in November 2004 (R. at 214) and reiterated it in July 2005 (R. at 244). This was an opinion on an issue reserved to the Commissioner. The ALJ rejected it because "there [were] absolutely no medical records or clinical notes" in the record to support the doctor's opinion. (R. at 23). The only medical reports or notes on Record from Dr. Miller between April 2004 and August 2005 are Dr. Miller's initial evaluation of Mr. Heyn dated April 2004 (R. at 215), Dr. Miller's treatment plan also dated April 2004 (R. at 214), and the report submitted by Dr. Miller to Disability Determination Services dated November 2004 (R. at 210). The ALJ found that the Record indicated Dr. Miller had only seen Mr. Heyn twice before submitting his opinions that Mr. Heyn was unable to work. (R. at 23). Dr. Miller, however, claimed that he visited with the Plaintiff every two to three weeks between April 2004 and November 2004 (R. at 211) and "regularly" between April 2004 and July 2005 (R. at 243). But when DDS requested exam and clinical notes from Dr. Miller's office for any dates after September 2004 (R. at 116), the office replied that they did not have any records for Mr. Heyn between September 2004 and April 2005 (R. at 115). The confusion between what the Record contains, the lack of records on file at Dr. Miller's office, and the frequency with which Dr. Miller claimed to have visited with Mr. Heyn suggests that the Record may not be complete. The ALJ, therefore, committed error by failing to make an effort to recontact Dr. Miller for clarification of the record before rejecting Dr. Miller's opinion. SSR 96-5p requires that

> [If] the evidence does not support a treating source's opinion on any issue reserved to the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the case record, the adjudicator must make "every reasonable effort" to recontact the source for clarification of the reasons for the opinion.

Id. at 6. In *Robinson v. Barnhart*, the court held that "the ALJ's statement that [the doctor's]

records did not give a reason for his opinion that claimant [was] unable to work triggered the ALJ's duty to seek further development of the record before rejecting the opinion." 366 F.3d 1078, 1084 (10th Cir. 2004). In the case at bar, the ALJ evidently could not ascertain from the record why Dr. Miller opined that Mr. Heyn could not work. The ALJ was, therefore, required to make every reasonable effort to contact the doctor for clarification of the doctor's opinion before he could reject it.

## VII. CONCLUSION

The Plaintiff's only meritorious argument in this case is that the ALJ improperly dismissed the opinion of Mr. Heyn's treating psychologist. The ALJ failed to make a reasonable effort to recontact Dr. Miller for clarification of Dr. Miller's opinion that Mr. Heyn was unable to work.

Accordingly, it is hereby

ORDERED that the ALJ's decision is REMANDED for further proceedings consistent with this opinion.

DATED this 13th day of July, 2009.

J. Thomas Greene

J. THOMAS GREENE
UNITED STATES DISTRICT JUDGE